UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LEMONADE, INC. DATA DISCLOSURE LITIGATION | Case No. 1:25-cv-04106-JHR-KHP |

ORDER GRANTING PLAINTIFFS' MOTION TO
APPOINT LEAD COUNSEL

On August 13, 2025, plaintiffs Brian Murray, Leslie Linwood Rich, and Gregory Klein moved for the appointment of their counsel—John Yanchunis of Morgan & Morgan Complex Litigation Group (counsel for Murray), Mark DeSanto of Berger Montague (counsel for Rich), and Melissa Clark of Ahdoot & Wolfson, PC (counsel for Klein) ("Proposed Lead Counsel")—as Interim Co-Lead Counsel.

The Court, having considered the plaintiffs' motion, and good cause appearing therefore, hereby GRANTS plaintiffs' motion and ORDERS as follows:

1. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints John Yanchunis of Morgan & Morgan Complex Litigation Group, Mark DeSanto of Berger Montague, and Melissa Clark of Ahdoot & Wolfson, PC, to serve as Interim Co-Lead Class Counsel, to act on behalf of the plaintiffs and the class members in this action, with the responsibilities set forth below:

    a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of the plaintiffs and the putative classes consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings among counsel;

d. Conduct settlement negotiations on behalf of the plaintiffs and the putative classes;

e. Delegate specific tasks to other plaintiffs' counsel, if and as needed, in a manner to ensure that pretrial preparation for the plaintiffs and the putative classes is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel, as necessary, for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

h. Perform such other duties as may be incidental to the proper coordination of the plaintiffs' pretrial activities or authorized by further order of this Court;

i. Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on other plaintiffs' counsel *via* the Court's electronic filing system);

k. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

l. Allocate attorneys' fees.

2. Any additional plaintiffs' counsel will perform work in this litigation only at the direction of Interim Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Interim Lead Counsel, and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work on behalf of the putative classes in the case without the express authorization of Interim Lead Counsel.

3. Interim Lead Counsel shall have sole authority to communicate with the defendants' counsel on behalf of the putative classes—including with respect to settlement and settlement negotiations—and the Court on behalf of the putative classes, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Lead Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

4. This order shall apply to this consolidated action, any subsequently consolidated action, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the facts underlying this litigation.

**IT IS SO ORDERED.**

Dated: 9/24/2025

_____
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE