# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release, dated March 27, 2026, is made and entered into by and among the Class Representatives,[1] for themselves individually and on behalf of the Settlement Class, and Defendants Lemonade, Inc. and Lemonade Insurance Agency, LLC. This Settlement Agreement fully and finally resolves and settles all of Plaintiffs' and the Settlement Class's Released Claims, upon and subject to the terms and conditions hereof, and subject to the Court's approval.

## RECITALS

**WHEREAS**, on or about September 18, 2024, Lemonade detected and responded to a data privacy incident involving its online insurance quotation system (i.e., the Data Exposure).

**WHEREAS**, during the Data Exposure, the Personal Information of approximately 190,000 individuals in the United States was potentially disclosed and/or accessed by unauthorized third parties;

**WHEREAS**, on May 15, 2025, June 9, 2025, and July 2, 2025, three separate, related class action complaints were filed against Defendants in the United States District Court for the Southern District of New York—Nos. 1:25-cv-04106, 1:25-cv-04851, and 1:25-cv-05490, respectively—asserting claims against Lemonade arising out of the Data Exposure. On July 23, 2025, Plaintiffs moved to consolidate the three actions, which the Court subsequently granted on July 29, 2025.

**WHEREAS,** following consolidation of the separate actions and appointment of interim class counsel, on August 29, 2025, Plaintiffs filed the operative complaint, which, among other things, asserts claims against Lemonade for negligence, negligence per se, violation of the New York General Business Law Section 349, violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721, *et seq*., and for declaratory and injunctive relief.

**WHEREAS**, while the Parties were engaged in litigation, they reached an agreement to attend mediation on November 4, 2025, to determine whether they could resolve the litigation on a class-wide basis;

**WHEREAS**, in preparation for the scheduled mediation, the Plaintiffs and Lemonade requested and exchanged certain additional information related to the Data Exposure and the Action. They also prepared for mediation by laying out their respective positions on the litigation, including with respect to the merits, class certification, and settlement, in detailed confidential mediation statements;

---

[1] All capitalized terms not otherwise defined herein are defined in Section 1, below.

**WHEREAS**, in the weeks prior to the mediation, Class Counsel and Lemonade maintained an open dialogue concerning the contours of a potential agreement to begin settlement negotiations. Plaintiffs provided a settlement demand to Lemonade;

**WHEREAS**, on November 4, 2025, the Plaintiffs and Lemonade engaged in remote, all-day mediation session before Steven Jaffe of Upchurch Watson White & Max. The mediation assisted Plaintiffs and Lemonade in resolving their outstanding differences. With the aid and assistance of the mediator, the Parties reached an agreement to settle this matter in principle, and thereafter they were able to finalize all the terms of this Settlement Agreement and related documents;

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings related to the Data Exposure that were brought or could have been brought, as set forth more fully in the release contained herein, by Plaintiffs and on behalf of members of the Settlement Class defined herein as against Lemonade, but excludes the claims of all Class Members who opt out from the Settlement Class pursuant to the terms and conditions herein;

**WHEREAS**, Class Counsel, on behalf of Plaintiffs and the Settlement Class, have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims, and Lemonade's potential defenses, including conducting an independent investigation and confirmatory discovery, conferring with Lemonade's Counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion for class certification. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Lemonade may assert, a protracted trial and appeal(s), as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class as against Lemonade, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation;

**WHEREAS**, Plaintiffs and Class Counsel believe that the terms set forth in this Settlement Agreement confer substantial benefits upon the Plaintiffs and the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class;

**WHEREAS**, Lemonade has similarly concluded that this Agreement is desirable in order to avoid the time, risk, inconvenience, distraction, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class;

**WHEREAS**, this Agreement, whether consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only. Defendants specifically deny any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission

2

by Lemonade of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

**WHEREAS**, the foregoing Recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

**NOW, THEREFORE**, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree, as follows:

**1.      DEFINITIONS**

As used in this Agreement, the following terms shall be defined as follows:

1.1     "Action" means the class action litigation captioned *In re Lemonade, Inc. Data Disclosure Litigation*, Case No. 1:25-cv-04106-JHR-KHP, pending in United States District Court for the Southern District of New York before the Honorable Jennifer H. Rearden.

1.2     "Administrative Expenses" means all charges and expenses incurred by the Settlement Administrator in the administration of this Settlement, including, without limitation, all expenses and costs associated with claims administration, the Notice Plan and providing Notice to the Settlement Class, and purchasing or obtaining and distributing the CMIS benefit. Administrative Expenses also include all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.3     "Agreement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release. The terms of the Settlement Agreement are set forth herein including the exhibits hereto.

1.4     "Approved Claim(s)" means a claim as evidenced by a Claim Form submitted by a Class Member that (a) is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is physically signed or electronically verified by the Class Member; (c) satisfies the conditions of eligibility for a Settlement Benefit as set forth herein; and (d) has been approved by the Settlement Administrator.

1.5     "Business Days" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the federal government.

1.6     "Cash Fund Payment" means the *pro rata* cash Settlement Payment available as a Settlement Benefit, as provided for under Section 3.4(b).

1.7     "Claimant" means a Class Member who submits a Claim Form for a Settlement Payment.

1.8 "Claim Form" means the form substantially in the form attached hereto as **Exhibit A**, as approved by the Court. The Claim Form must be submitted physically (via U.S. Mail) or electronically (via the Settlement Website) by Class Members who wish to file a claim for their given share of the Settlement Benefits pursuant to the terms and conditions of this Agreement. The Claim Form shall be available for download from the Settlement Website. The Settlement Administrator shall mail a Claim Form, in hardcopy form, to any Class Member who so requests.

1.9 "Claims Deadline" means the date by which all Claim Forms must be received by the Settlement Administrator to be considered timely and shall be set as the date 90 days after the Notice Date. The Claims Deadline shall be clearly set forth in the Long Form Notice, the Summary Notice(s), the Claim Form, and the Court's order granting Preliminary Approval.

1.10 "Claims Period" means the period during which Class Members may submit Claim Forms to receive their given share of the Settlement Benefits and shall commence on the Notice Date and shall end on the date 90 days thereafter.

1.11 "Class Counsel" means attorneys Melissa R. Clark and Andrew W. Ferich of Ahdoot & Wolfson, PC, Mark B. DeSanto and E. Michelle Drake of Berger Montague, PC, and John A. Yanchunis and Ron Podolny of Morgan & Morgan Complex Litigation Group.

1.12 "Class Member" or "Settlement Class Member" means a member of the Settlement Class.

1.13 "Class Representatives" mean the Plaintiffs who execute this Settlement Agreement.

1.14 "Court" means the United States District Court for the Southern District of New York, where the Action is pending.

1.15 "Credit Monitoring and Insurance Services" and "CMIS" mean the services to be provided to all Settlement Class Members automatically, and as further described in Section 3.6, below.

1.16 "Data Exposure" refers to the alleged unauthorized data disclosure involving Lemonade's insurance quotation platform which occurred between April 2023 and September 18, 2024, and which is the subject of the Action.

1.17 "Documented Loss" refers to monetary losses incurred by a Class Member and supported by Reasonable Documentation for attempting to remedy or remedying issues that are more likely than not a result of Data Exposure, as further described in Section 3.4(a) below. Documented Losses must be supported by Reasonable Documentation that a Class Member actually incurred unreimbursed losses and consequential expenses that are more likely than not traceable to the Data Exposure and incurred on or after April 2023.

1.18  "Effective Date" means the date upon which the Settlement contemplated by this Agreement shall become effective as set forth in Section 10 below.

1.19  "Entity" means any person, corporation, partnership, limited liability company, association, trust, agency, or other organization of any type.

1.20  "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of litigation costs and expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

1.21  "Final Approval Order" means the order to be entered by the Court after the Final Approval Hearing, which approves the Settlement Agreement, substantially in the form attached hereto as **Exhibit B**.

1.22  "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure.

1.23  "Judgment" means the final judgment to be entered by the Court, substantially in the form attached hereto as **Exhibit C**.

1.24  "Lemonade" or "Defendants" mean Defendants Lemonade, Inc. and Lemonade Insurance Agency, LLC.

1.25  "Lemonade's Counsel," or any other references to counsel for Lemonade, means the attorneys and the law firm of Cooley LLP.

1.26  "Long Form Notice" means the long form notice of settlement substantially in the form attached hereto as **Exhibit D**.

1.27  "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Administrative Expenses incurred pursuant to this Settlement Agreement, (ii) Service Awards approved by the Court, (iii) any amounts approved by the Court for the Fee Award and Costs, and (iv) applicable Taxes, if any.

1.28  "Non-Profit Residual Recipient" means the Electronic Frontier Foundation, a 26 U.S.C. § 501(c)(3) nonprofit organization, unless the Court designates another recipient.

1.29  "Notice" means notice of the proposed class action settlement to be provided to Class Members pursuant to the Notice Plan approved by the Court in connection with preliminary approval of the Settlement. The Notice shall consist of the Summary Notice (postcard), the Long Form Notice, the Settlement Website, and the toll-free telephone line.

1.30    "Notice Date" means the date upon which Notice is initially disseminated to the Settlement Class by the Settlement Administrator, which shall be no later than 35 days after entry of the Preliminary Approval Order.

1.31    "Notice Plan" means the settlement notice program, as approved by the Court, developed by the Settlement Administrator and described in this Agreement for disseminating Notice to the Class Members of the terms of this Agreement and the Final Approval Hearing.

1.32    "Objection Deadline" means the date by which Class Members must file and postmark required copies of any written objections, pursuant to the terms and conditions herein, to this Settlement Agreement and to any application and motion for (i) the Fee Award and Costs, and (ii) the Service Awards, which shall be 60 days following the Notice Date. The deadline for filing an objection will be set forth in the Long Form Notice, the Summary Notice(s), the Settlement Website, and the Court's order granting Preliminary Approval.

1.33    "Opt-Out Period" means the period in which a Class Member may submit a Request for Exclusion, pursuant to the terms and conditions herein, which shall expire 60 days following the Notice Date. The deadline for filing a Request for Exclusion shall be clearly set forth in the Long Form Notice, the Summary Notice(s), and the Court's order granting Preliminary Approval.

1.34    "Parties" means the parties to this Settlement, which includes the Class Representatives, individually and on behalf of the Settlement Class, on the one hand, and Defendants Lemonade, Inc. and Lemonade Insurance Agency, LLC, on the other hand.

1.35    "Plaintiffs" mean Brian Murray and Leslie Linwood Rich.

1.36    "Person" means a natural person, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint-stock company, estate, legal representative, trust, unincorporated association, proprietorship, any business or legal entity, or any other entity or organization; and any spouses, heirs, predecessors, successors, representatives or assigns of any of the foregoing.

1.37    "Personal Information" is intended to be broadly construed and includes any information that could be used to identify, locate, or contact a person (whether on its own or in combination with other information). The term Personal Information specifically includes, without limitation, driver's license numbers, and any information deemed disclosed or otherwise compromised as a result of the Data Exposure.

1.38    "Preliminary Approval Order" means an order by the Court that preliminarily approves the Settlement (including, but not limited to, the forms and procedure for providing Notice to the Settlement Class), permits Notice to be disseminated to the proposed Settlement Class, establishes a procedure for Class Members to object to

or opt out of the Settlement, and sets a date for the Final Approval Hearing, without material change to the Parties' agreed-upon proposed preliminary approval order attached hereto as **Exhibit E**.

1.39    "Reasonable Documentation" means documentation supporting a claim for Documented Loss(es) including, but not limited to, credit card statements, bank statements, invoices, telephone records, screen shots, and receipts. Documented Losses cannot be documented solely by a personal certification, declaration, or affidavit from the Claimant; the Claimant must provide supporting documentation.

1.40    "Released Claims" means any and all past, present, and future claims, liabilities, rights, demands, suits, obligations, damages, including consequential damages, loss or cost, punitive, special or exemplary damages, attorneys' fees, costs, and expenses, debts,  remedies, proceedings, allegations, assertions of wrongdoing, any demand for injunctive relief or any other type of equitable or legal relief, actions or causes of action of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, discovered or undiscovered, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, legal, statutory, or equitable— that has been, was or could have been asserted by or on behalf of the Settlement Class in the Action related to or arising from the Data Exposure or a similar factual predicate regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action. "Released Claims" do not include any claims against any entity other than Released Parties and are subject to Section 4 below.

1.41    "Released Parties" means Defendants Lemonade, Inc. and Lemonade Insurance Agency, LLC, and their respective current or former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, equity holders, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

1.42    "Request for Exclusion" is the written communication by a Class Member in which he or she requests to be excluded or to opt out of the Settlement Class pursuant to the terms of the Agreement.

1.43    "Service Awards" means the amount awarded by the Court and paid from the Settlement Fund to the Class Representatives in recognition of their role in this litigation, as set forth in Section 8 below.

Docusign Envelope ID: 98B6BA57-698B-4BCF-84AA-7FC8A5EAEE30

1.44    "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

1.45    "Settlement Administrator" or "Kroll" means Kroll Settlement Administration LLC, the third-party class action settlement administrator agreed to by the Parties subject to the approval of the Court. Under the supervision of Class Counsel, the Settlement Administrator shall oversee and implement the Notice Plan and receive any requests for exclusion from the Class. Class Counsel and Lemonade's Counsel may, by agreement, substitute a different Settlement Administrator, subject to Court approval. Class Counsel shall be responsible for conducting a competitive bidding or "request for proposal" process and selecting the Settlement Administrator to be approved by the Court, and Defendants shall not unreasonably withhold consent to Class Counsel's selection.

1.46    "Settlement Benefit(s)" means any Settlement Payments—including the Documented Loss Payments and the Cash Fund Payments—the Credit Monitoring and Insurance Services, and the prospective relief set forth in Sections 2 and 3 herein, and any other benefits Class Members receive pursuant to this Agreement, including non-monetary benefits and relief, the Fee Award and Costs, and Administrative Expenses.

1.47    "Settlement Class" and "Class" means all living, natural persons residing in the United States whose Personal Information was compromised in the Data Exposure, including all persons who were sent notice of the Data Exposure. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Lemonade, its subsidiaries, parent companies, successors, predecessors, and any entity in which Lemonade or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

1.48    "Settlement Fund" means the sum of Ten Million Five Hundred Thousand Dollars and No Cents ($10,500,000.00), to be paid by Defendants and/or their insurers, as specified in Section 3.1 of this Agreement.

1.49    "Settlement Payment" means any payment to be made to any Class Member on Approved Claims pursuant to Section 3.4 herein.

1.50    "Settlement Website" means the internet website to be created, launched within 14 days after entry of the Preliminary Approval Order, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and Requests for Exclusion, and provides access to relevant case documents including the Settlement Class Notice, information about the submission of Claim Forms, and other relevant documents, including downloadable Claim Forms.

1.51 "Summary Notice(s)" means the summary postcard and the digital press release notices of the proposed Settlement, as approved by the Court, substantially in the form attached hereto collectively as **Exhibit F**, respectively.

1.52 "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants). All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Agreement ("Tax Expenses"), shall be paid out of the Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, an Administration Expense and shall be timely paid by the Settlement Administrator, out of the Settlement Fund, without prior order from the Court and the Settlement Administrator shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members with Approved Claims any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Agreement. For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the Settlement Administrator shall be the "administrator." The Settlement Administrator shall timely and properly file or cause to be filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund and the escrow account (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this Agreement) shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Agreement.

1.53 "Unknown Claims" means any and all Released Claims that Lemonade or any Class Representative or Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date and which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to the Settlement. Settlement Class Members, including Plaintiffs, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to

9

have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representative and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY

Class Representatives and Class Counsel acknowledge, and each Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

## 2.    SECURITY COMMITMENTS; PROSPECTIVE RELIEF

2.1    In addition to the Settlement Fund, Lemonade has made changes and enhancements to its data and information security posture, at its sole expense, which are designed to strengthen Lemonade's data and information security. Lemonade will continue to implement these changes and enhancements for a period of at least three years from the Effective Date. Lemonade has agreed and acknowledges that any changes or enhancements that have been made following the inception of this litigation are and may be deemed, for purposes of settlement, to have occurred as a result of this litigation.

2.2    Lemonade has provided Class Counsel with a confidential declaration describing the details of these changes and enhancements, which are not being made public due to their sensitive nature. The declaration provides sufficient information to confirm that each of these measures has been implemented. The declaration may be provided to the Court *in camera* or filed under seal should the Court direct its submission of filing.

## 3.    SETTLEMENT FUND / MONETARY PAYMENT / BENEFITS DETAILS

3.1    Within 30 days after receiving (1) the Settlement Administrator's completed W-9 form and (2) entry of the Preliminary Approval Order, which shall include an order establishing the Settlement Fund pursuant to Treasury Regulation § 1.468B-1(c)(1), Lemonade agrees to make or cause to be made a payment in the amount of Ten Million Five Hundred Thousand Dollars and No Cents ($10,500,000.00), to a bank

account designated by the Settlement Administrator. That account will be an interest-bearing bank escrow account established and administered by the Settlement Administrator (the "Escrow Account"). The Escrow Account shall be held in interest-bearing bank account deposits that meet the requirements of 26 CFR § 1.468B-1(c) ("qualified settlement fund") with commercial banks with excess capital exceeding One Billion United States Dollars and Zero Cents ($1,000,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC. The Settlement Fund will be used to pay Approved Claims, Administrative Expenses (to be agreed upon by both parties), any Court approved Fee Award and Costs, and Service Awards. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Lemonade's monetary liability shall not exceed the Settlement Fund.

3.2     All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. Any interest shall not be subject to withholding and shall, if required, be reported appropriately to the Internal Revenue Service by the Settlement Administrator. The Administrator is responsible for the payment of all Taxes.

3.3     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 at all times after the creation of the Escrow Account. All Taxes shall be paid out of the Escrow Account. Lemonade, Lemonade's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Lemonade, Lemonade's Counsel, Plaintiffs, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, the Settlement Administrator shall be designated as the "administrator" of the Settlement Fund. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Settlement Administrator shall maintain control over the Settlement Fund and shall be responsible for all disbursements. The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Lemonade's Counsel or by order of the Court. All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement or further order of the Court.

3.4     Settlement Payments: Each Class Member may qualify for both of the following cash Settlement Payments:

11

(a)  <u>Documented Loss Payment</u>. Class Members may submit a claim for a Settlement Payment of up to $10,000.00 for reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Class Member must choose to do so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and (iii) Reasonable Documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement and that the loss is more likely than not related to the Data Exposure. If a Claimant does not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if a Claimant's claim for a Documented Loss Payment is rejected by the Settlement Administrator for any reason, and the Claimant fails to cure his or her claim, the claim will be rejected and the Claimant's claim will instead be automatically placed into the Cash Fund Payment category below at the discretion of the Settlement Administrator. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

(b)  <u>Cash Fund Payment</u>. In addition to the Documented Loss Payment Settlement Benefit, Class Members may submit a claim to receive a *pro rata* Settlement Payment in cash (i.e., a Cash Fund Payment). The amount of the Cash Fund Payment will be calculated in accordance with Section 3.10 below.

3.5  <u>Settlement Payment Methods.</u> Class Members will be provided the option to receive any Settlement Payment due to them pursuant to the terms of this Agreement via various digital methods (e.g., Venmo, Paypal, Zelle, but excluding digital payment cards). In the event that Class Members do not exercise this option, they will receive their Settlement Payment via a physical check sent to them by U.S. Mail.

3.6  <u>Credit Monitoring and Insurance Services.</u> In addition to selecting one or both of the above Settlement Payment options, all Settlement Class Members will automatically receive a code to activate 3 years of Credit Monitoring and Insurance Services. The CMIS product will include at least the following services and features, to be provided to each Settlement Class Member: (i) up to $1 million dollars of identity theft insurance coverage; and (ii) three bureau credit monitoring. The CMIS activation codes will be provided to all Settlement Class Members in the Notice (i.e., in the postcard notice). Once the Settlement receives final approval, Settlement Class Members will be able to enroll in the CMIS product provided for under this Settlement using the activation code provided in the Notice. Enrollment and activation of CMIS services will be available only after the Court grants final settlement approval. Settlement Class Members will not be required to submit a Claim Form to receive this Settlement Benefit.

3.7    Deadline to File Claims. Claim Forms must be postmarked (if mailed) or electronically received (if filed on the Settlement Website) within 90 days after the Notice Date.

3.8    The Settlement Administrator. The Settlement Administrator shall have the authority to determine whether a Claim Form is valid, timely, and complete. To the extent the Settlement Administrator determines a claim is deficient for a reason other than late posting, within a reasonable amount of time, the Settlement Administrator shall notify the Claimant (with a copy to Class Counsel) of the deficiencies and notify the Claimant that he or she shall have 30 days to cure the deficiencies and re-submit the claim. No notification is required for late-posted claims. The Settlement Administrator shall exercise reasonable discretion to determine whether the Claimant has cured the deficient claim. If the Claimant fails to cure the deficiency, the claim shall stand as denied, and the Class Member shall be so notified if practicable. If the Settlement Administrator determines a Claim for Documented Losses is insufficient or otherwise denied for lack of supporting documentation, the Settlement Administrator has the discretion to consider that claim for a Cash Fund Payment instead.

3.9    Timing of Settlement Benefits. Within 30 days after: (i) the Effective Date; or (ii) all Claim Forms have been processed subject to the terms and conditions of this Agreement, whichever date is later, the Settlement Administrator shall cause funds to be distributed to each Claimant pursuant to the terms of the Claimant's Approved Claim.

3.10    Distribution of Settlement Payments: The Settlement is designed to exhaust the Settlement Fund. The Settlement Fund shall first be used to make payments for the following: (i) Administrative Expenses, (ii) Fee Award and Costs, (iii) Service Awards, (iv) escrow fees, and (v) Taxes. The remaining amount is the Net Settlement Fund. The Settlement Administrator will first apply the Net Settlement Fund to pay for the cost of CMIS and Approved Claims for Documented Loss Payments. The amount of the Net Settlement Fund remaining after paying for the CMIS Settlement Benefit and after all Documented Loss Payments are applied shall be referred to as the "Post CM/DL Net Settlement Fund." The Settlement Administrator shall then utilize the Post CM/DL Net Settlement Fund to make all Cash Fund Payments pursuant to this Section.

The amount of each Cash Fund Payment shall be calculated by dividing the Post CM/DL Net Settlement Fund by the number of valid Claim Forms submitted for Cash Fund Payments. The amount of Cash Fund Payments is to be determined irrespective of determinations of validity as to Documented Loss Payments (i.e., simply because a claim for a Documented Loss Payment is deficient or invalid, will not make the Claim Form deficient or invalid for purposes of a Cash Fund Payment).

In the unlikely event that the aggregate amount of the sum of the cost of the CMIS benefit and the total of all Documented Loss Payments exceeds the total amount of

13

the Net Settlement Fund, then the value of the Documented Loss Payment to be paid to each Class Member shall be reduced, on a *pro rata* basis, such that the aggregate value of all Documented Loss Payments does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed to Claimants with Approved Claims for Cash Fund Payments. All such determinations shall be performed by the Settlement Administrator.

3.11    Deadline to Deposit or Cash Physical Checks. Class Members with Approved Claims who receive a Documented Loss Payment and/or a Cash Fund Payment, by physical check, shall have 90 days following distribution to deposit or cash their benefit check.

3.12    Residual Funds. The Settlement is designed to exhaust the Settlement Fund. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of all Settlement Payments to the Class Members, a subsequent Settlement Payment will be made evenly to all Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, provided that the average check amount is equal to or greater than Three Dollars and No Cents ($3.00). The distribution of this remaining Net Settlement Fund shall continue until the average check or digital payment in a distribution is less than three dollars ($3.00), whereupon the amount remaining in the Net Settlement Fund, if any, shall be distributed to the Non-Profit Residual Recipient.

3.13    Returned Payments. For any Settlement Payment returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make one additional effort to make any digital payments and engage in a reasonable effort to find a valid address (in the case of physical checks) and resend the Settlement Payment within 30 days after the physical check is returned to the Settlement Administrator as undeliverable. The Settlement Administrator shall make one attempt to repay or resend a Settlement Payment.

3.14    Residue of Settlement Fund. No portion of the Settlement Fund shall ever revert or be repaid to Lemonade after the Effective Date.

3.15    Custody of Settlement Fund. The Settlement Fund shall be deposited into the Escrow Account but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled. In the event this Settlement Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason, any amounts remaining in the Settlement Fund after payment of all Administrative Expenses incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any Taxes, shall be returned to Lemonade and/or its insurer, and no other person or entity shall have any further claim whatsoever to such amounts.

14

3.16 <u>Non-Reversionary</u>. This is a non-reversionary settlement. As of the Effective Date, all rights of Lemonade, its insurers and/or reinsurers in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is voided, cancelled, or terminated, as set forth herein.

3.17 <u>Use of the Settlement Fund</u>. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for: (i) all Administrative Expenses; (ii) any Taxes; (iii) any escrow fees; (iv) any Service Awards; (v) any Fee Award and Costs; and (vi) the Settlement Payments and/or Settlement Benefits (including the CMIS Settlement Benefit), pursuant to the terms and conditions of this Agreement.

3.18 <u>Payment / Withdrawal Authorization</u>. No amounts from the Settlement Fund may be withdrawn unless (i) expressly authorized by the Settlement Agreement or (ii) approved by the Court. The Parties, by agreement, may authorize the periodic payment of actual reasonable Administrative Expenses from the Settlement Fund as such expenses are invoiced without further order of the Court. The Settlement Administrator shall provide Class Counsel and Lemonade's Counsel with notice of any withdrawal or other payment the Settlement Administrator proposes to make from the Settlement Fund before the Effective Date at least 7 Business Days prior to making such withdrawal or payment.

3.19 <u>Payments to Settlement Class Members</u>. The Settlement Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and/or oversee distribution of the Settlement Fund to Class Members pursuant to this Agreement.

3.20 <u>Taxes</u>. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Taxes do not include any federal, state, and local tax owed by any Claimant, Class Representative and Class Member as a result of any benefit or payment received as a result of the Settlement. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

3.21 <u>Limitation of Liability</u>.

    (a) Lemonade, Lemonade's insurers and reinsurers, and Lemonade's Counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Class Counsel, the Settlement

15

Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(b)     Class Representatives and Class Counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

(c)     The Settlement Administrator shall indemnify and hold Class Counsel, the Settlement Class, Class Representatives, Lemonade, Lemonade's insurers and reinsurers, and Lemonade's Counsel harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the formulation, design, or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

4.     **RELEASE**

4.1     Upon the Effective Date, and in consideration of the Settlement Benefits described herein, the Class Representatives and all Settlement Class Members identified in the Settlement Class list in accordance with Section 6.4, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, release and discharge all Released Claims, including Unknown Claims, against each of the Released Parties and agree to refrain from instituting, directing or maintaining any lawsuit, contested matter, adversary proceeding, or miscellaneous proceeding against each of the Released Parties that relates to the Data Exposure or otherwise arises out of the

16

same facts and circumstances set forth in the class action complaint in the Action. This Settlement releases claims against only the Released Parties. This Settlement does not release, and it is not the intention of the Parties to this Settlement to release, any claims against any third party. Nor does this Release apply to any Class Member who timely excludes himself or herself from the Settlement.

4.2    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes that risk of such possible difference in facts and agrees that this Agreement shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

## 5.    REQUIRED EVENTS AND COOPERATION BY PARTIES

5.1    Preliminary Approval. Class Counsel shall submit this Agreement to the Court and shall promptly move the Court to enter the Preliminary Approval Order, substantially in the form attached as **Exhibit E**.

5.2    Cooperation. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish all requirements of this Agreement on the schedule set by the Court, subject to the terms of this Agreement. If, for any reason, the Parties determine that the schedule set by the Court is no longer feasible, the Parties shall use their best judgment to amend the schedule to accomplish the goals of this Agreement.

5.3    Certification of the Settlement Class. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Lemonade reserves the right to contest class certification for all other purposes. The Parties further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

5.4    Final Approval. The Parties shall request that the Court schedule the Final Approval Hearing for a date that is no earlier than 120 days after the entry of the Preliminary Approval Order. The Parties may file a response to any objections to the Settlement and a motion for final approval no later than 14 days after the Objection Deadline.

## 6.    CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

6.1    Notice shall be disseminated pursuant to the Court's Preliminary Approval Order.

17

6.2    The Settlement Administrator shall oversee and implement the Notice Plan approved by the Court. All costs associated with the Notice Plan shall be paid from the Settlement Fund.

6.3    <u>Direct Notice</u>. No later than the Notice Date, or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate Notice to the Class Members by direct mail. In order to achieve the greatest Notice practicable, direct notice will be enhanced by a mutually agreed upon digital press release, to be disseminated by the Settlement Administrator.

6.4    <u>Settlement Class List</u>. Within 14 days after the issuance of the Preliminary Approval Order, Lemonade will provide to the Settlement Administrator a list of any and all names, mailing addresses, telephone numbers, and email addresses (if any) of any and all Class Members that it has in its possession, custody, or control.

6.5    <u>Confidentiality</u>. Any information relating to Class Members provided to the Settlement Administrator pursuant to this Agreement shall be provided solely for the purpose of providing Notice to the Class Members (as set forth herein) and allowing them to recover under this Agreement; shall be kept in strict confidence by the Parties, their counsel, and the Settlement Administrator; shall not be disclosed to any third party; shall not be used for marketing purposes by the Settlement Administrator; shall be destroyed after all distributions to Class Members have been made; and shall not be used for any other purpose.

6.6    <u>Fraud Prevention</u>. The Settlement Administrator shall use reasonable and customary fraud-prevention mechanisms to prevent (i) submission of Claim Forms by persons other than potential Class Members, (ii) submission of more than one Claim Form per person, and (iii) submission of Claim Forms seeking amounts to which the claimant is not entitled. In the event a Claim Form is submitted without a unique Class Member identifier, the Settlement Administrator shall employ reasonable efforts to ensure that the Claim is valid.

6.7    <u>Settlement Website</u>. Prior to any dissemination of the Summary Notice(s) and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the internet in accordance with this Agreement. The Settlement Administrator shall create, update, and maintain the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, this Agreement, the Preliminary Approval Order entered by the Court, and the operative complaint in the Action, and will (on its URL landing page) notify the Settlement Class of the date, time, and place of the Final Approval Hearing. The Settlement Website shall also provide the toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly.

6.8    Opt-Out/Request for Exclusion. The Notice shall explain that the procedure for Class Members to opt out and exclude themselves from the Settlement Class is by notifying the Settlement Administrator in writing, postmarked no later than 60 days after the Notice Date. Any Class Member may submit a Request for Exclusion from the Settlement at any time during the Opt-Out Period. To be valid, the Request for Exclusion must be postmarked or received by the Settlement Administrator on or before the end of the Opt-Out Period. Requests for Exclusion must be in writing and must identify the case name "*In re Lemonade, Inc. Data Disclosure Litigation*"; state the name, address, telephone number and unique identifier of the Class Member seeking exclusion; identify any lawyer representing the Class Member seeking to opt out; be physically signed by the person(s) seeking exclusion or the person's legal guardian or representative; and must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in '*In re Lemonade, Inc. Data Disclosure Litigation*.'" Any person who elects to request exclusion from the Settlement Class shall not (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under this Agreement, (iii) gain any rights by virtue of this Agreement, or (iv) be entitled to object to any aspect of this Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

The Settlement Administrator shall provide Class Counsel and Lemonade's Counsel with the opt-out list no later than 5 days following the Opt-Out Period.

6.9    Objections. The Notice shall explain that the procedure for Class Members to object to the Settlement is by submitting written objections to the Court no later than 60 days after the Notice Date (the "Objection Deadline"). Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph. No Class Member or other person will be heard on such matters unless they have filed in this Action the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within 60 days following the Notice Date. All written objections and supporting papers must clearly (a) identify the case name and number (i.e., *In re Lemonade, Inc. Data Disclosure Litigation*, Case No. 1:25-cv-04106-JHR-KHP); (b) state the Class Member's full name, current mailing address, and telephone number; (c) contain a statement by the Class Member that he or she believes themself to be a member of the Settlement Class; (d) include proof that the Class Member is a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Data Exposure); (e) identify the specific factual and legal grounds for the objection; (f) identify whether the Objection is an objection to the Settlement in

19

part or in whole; (g) state whether the objection applies only to the objector, a subset of the Settlement Class, or the entire Settlement Class; (h) identify all counsel representing the Class Member, if any; (i) include a list, including case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement in the past 5 years; (j) include all documents or writings that the Class Member desires the Court to consider; (k) contain a statement regarding whether the Class Member (or counsel of his or her choosing) intends to appear at the Final Approval Hearing; and (l) contain the signature of the Class Member or the Class Member's duly authorized attorney or representative. All objections must be submitted to the Settlement Administrator, Class Counsel identified below, and to the Court either by mailing them to: Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, or by filing them in person at the Courthouse. All objections must be filed or postmarked on or before the Objection Deadline, as set forth above. Any Class Member who does not make their objections in the manner and by the date set forth in this paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court. Without limiting the foregoing, any challenge to the Settlement Agreement, the Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the applicable rules of appellate procedure and not through a collateral attack.

## 7.    SETTLEMENT ADMINISTRATION

7.1    Submission of Claims.

(a)    Submission of Electronic and Hard Copy Claims. Class Members may submit electronically verified Claim Forms to the Settlement Administrator through the Settlement Website or may download Claim Forms to be filled out, signed, and submitted physically by return mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline. The Settlement Administrator shall reject any Claim Forms that are incomplete, inaccurate, or not timely received and will provide Claimants notice and the ability to cure defective claims, unless otherwise noted in this Agreement.

(b)    Review of Claim Forms. The Settlement Administrator will review Claim Forms submitted by Class Members to determine whether they are eligible for a Settlement Payment.

7.2    Settlement Administrator's Duties.

(a)    Cost Effective Claims Processing. The Settlement Administrator shall, under the supervision of the Court and the Parties, administer the relief provided by this Agreement by processing Claim Forms in a rational,

20

responsive, cost effective, and timely manner, and calculate Settlement Payments in accordance with this Agreement.

(b)    Dissemination of Notices. The Settlement Administrator shall disseminate the Notice Plan as provided for in this Agreement. At the direction and discretion of the Parties, the Settlement Administrator shall perform reasonable address traces for any postcard Summary Notices that are returned as undeliverable. If the Parties elect remailing, then no later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of postcard Summary Notice to those Settlement Class members whose new addresses were identified as of that time through address traces.

(c)    Maintenance of Records. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Lemonade's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Lemonade's Counsel with information concerning Notice, administration, and implementation of the Settlement. Without limiting the foregoing, the Settlement Administrator also shall:

(i)    Receive Requests for Exclusion from Class Members and provide Class Counsel and Lemonade's Counsel a copy thereof no later than 5 days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion or other requests from Class Members after expiration of the Opt-Out Period, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Lemonade's Counsel;

(ii)    Provide weekly reports to Class Counsel and Lemonade's Counsel that include, without limitation, reports regarding the number of Claim Forms received, the number of Claim Forms approved by the Settlement Administrator, the amount of Claims Forms received (including a breakdown of what types of claims were received and approved), and the categorization and description of Claim Forms rejected by the Settlement Administrator. The Settlement Administrator shall also, as requested by Class Counsel or Lemonade's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

(iii)    Make available for inspection by Class Counsel and Lemonade's Counsel the Claim Forms and any supporting documentation

21

received by the Settlement Administrator at any time upon reasonable notice;

(iv)    Cooperate with any audit by Class Counsel or Lemonade's Counsel, who shall have the right but not the obligation to review, audit, and evaluate all Claim Forms for accuracy, veracity, completeness, and compliance with the terms and conditions of this Agreement.

7.3     <u>Requests For Additional Information</u>: In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class Member who submits a Claim Form.

## 8.     SERVICE AWARDS

8.1     Class Representatives and Class Counsel may seek Service Awards to the Class Representatives of up to $2,000.00 per Class Representative. Class Counsel may request Service Awards for the Class Representatives as part of their motion for a Fee Award and Costs, which must be filed no later than 14 days prior to the Objection Deadline.

8.2     The Settlement Administrator shall pay the Service Awards approved by the Court to the Class Representatives from the Settlement Fund. Such Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, within 5 Business Days after the Effective Date.

8.3     In the event the Court declines to approve, in whole or in part, the payment of the Service Award in the amounts requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for cancellation or termination of this Agreement.

8.4     The Parties did not discuss or agree upon the amount of the maximum amount of Service Awards for which Class Representatives can apply, until after the substantive terms of the Settlement had been agreed upon.

## 9.     ATTORNEYS' FEES, COSTS, AND EXPENSES

9.1     Class Counsel will file a motion seeking an award of attorneys' fees of up to one-third of the Settlement Fund, and, separately, reasonably incurred litigation expenses and costs (i.e., Fee Award and Costs), no later than 14 days prior to the Objection Deadline. The motion for a Fee Award and Costs shall be posted on the Settlement Website. The Settlement Administrator shall pay any attorneys' fees, costs, and expenses awarded by the Court to Class Counsel in the amount approved by the Court, from the Settlement Fund, within 5 Business Days after the Effective Date.

9.2 Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst themselves.

9.3 The Settlement is not conditioned upon the Court's approval of an award of Class Counsel's Fee Award and Costs or Service Awards.

## 10. EFFECTIVE DATE, MODIFICATION, AND TERMINATION

10.1 The Effective Date of the Settlement shall be the first Business Day after all the following conditions have occurred:

(a) The Parties execute this Agreement;

(b) The Court enters the Preliminary Approval Order attached hereto as **Exhibit E**, without material change;

(c) Notice is provided to the Settlement Class consistent with the Preliminary Approval Order;

(d) The Court enters the Final Approval Order and Judgment; and

(e) The Final Approval Order and Judgment have become "Final" because: (i) the time for appeal, petition, rehearing or other review has expired; or (ii) if any appeal, petition, request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change or the appeal is dismissed or otherwise disposed of, no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, requests for rehearing or other review has expired.

10.2 In the event that the Court declines to enter the Preliminary Approval Order, declines to enter the Final Approval Order and Judgment, or the Final Approval Order and Judgment does not become Final (as described in Section 10.1(e) of this Agreement), Lemonade may at its sole discretion terminate this Agreement on 5 Business Days written notice from Lemonade's Counsel to Class Counsel.

10.3 In the event the terms or conditions of this Settlement Agreement are materially modified by any court, any Party in its sole discretion to be exercised within 14 days after such modification may declare this Settlement Agreement null and void. In the event of a material modification by any court, and in the event the Parties do not exercise their unilateral options to withdraw from this Settlement Agreement pursuant to this paragraph, the Parties shall meet and confer within 7 days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification. For the avoidance of doubt, a "material modification" shall not include any reduction by the Court of the Fee Award and Costs and/or Service Awards.

23

10.4 Except as otherwise provided herein, in the event the Settlement is terminated, the Parties to this Agreement, including Class Members, shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Agreement, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered. In addition, the Parties agree that in the event the Settlement is terminated, any orders entered pursuant to the Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses.

10.5 In the event this Agreement is terminated pursuant to any provision herein, then the Settlement proposed herein shall become null and void (with the exception of Sections 3.12, 3.14, 3.15, 3.16, 10.5, and 10.6 herein) and shall have no legal effect, and the Parties will return to their respective positions existing immediately before the execution of this Agreement.

10.6 Notwithstanding any provision of this Agreement, in the event this Agreement is not approved by any court, or terminated pursuant to any provision herein, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any of the Administrative Expenses, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs.

## 11. NO ADMISSION OF WRONGDOING OR LIABILITY

11.1 This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to the Agreement:

(a) shall not be offered or received against Lemonade as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Lemonade with respect to the truth of any fact alleged by any Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Lemonade;

(b) shall not be offered or received against Lemonade as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Lemonade;

(c) shall not be offered or received against Lemonade as evidence of a presumption, concession or admission with respect to any liability,

24

negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Lemonade, in any other civil, criminal, regulatory, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against Lemonade as an admission or concession that the consideration to be given hereunder represents the relief that could be or would have been awarded after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representatives or any Class Member that any of their claims are without merit, or that any defenses asserted by Lemonade have any merit.

## 12.   REPRESENTATIONS

12.1    Each Party represents that: (i) such Party has full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval; (ii) the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party; (iii) this Agreement constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any person or entity is necessary for such Party to enter into this Agreement.

## 13.   NOTICE

13.1    All notices to Class Counsel provided for in this Agreement shall be sent by email (to all email addresses set forth below) and by First-Class mail to all of the following:

Melissa R. Clark
**AHDOOT & WOLFSON, PC**
521 5th Avenue, 17th Floor
New York, NY 10175
Tel: (917) 336-0171
mclark@ahdootwolfson.com

Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Tel: (310) 474-9111
aferich@ahdootwolfson.com

25

Mark B. DeSanto
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
mdesanto@bm.net

E. Michelle Drake
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
emdrake@bm.net

John A. Yanchunis
Ronald Podolny
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel: (813) 275-5272
ronald.podolny@forthepeople.com
jyanchunis@forthepeople.com

13.2    All notices to Lemonade or Lemonade's Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

Tiana A. Demas
Anne Bigler
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001
Tel: (212) 479-6560
tdemas@cooley.com
abigler@cooley.com

13.3    All notices to the Settlement Administrator provided for in this Agreement shall be sent by email and First Class mail to the email address and mailing address identified on the Settlement Website.

13.4    The notice recipients and addresses designated in this Section may be changed by written notice.

14.    **MISCELLANEOUS PROVISIONS**

14.1    <u>Representation by Counsel</u>. The Class Representatives and Lemonade represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal

26

effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

14.2    Best Efforts. The Parties agree that they will make all reasonable efforts needed to reach the Effective Date and fulfill their obligations under this Agreement.

14.3    Contractual Agreement. The Parties understand and agree that all terms of this Agreement, including the exhibits thereto, are contractual and are not a mere recital, and each signatory warrants that he, she, or it is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that they or it represents.

14.4    Integration. This Agreement constitutes the entire agreement among the Parties and no representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

14.5    Drafting. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Settlement Agreement is a collaborative effort of the Parties and their attorneys that was negotiated on an arm's-length basis between parties of equal bargaining power. Accordingly, this Agreement shall be neutral, and no ambiguity shall be construed in favor of or against any of the Parties. The Parties expressly waive any otherwise applicable presumption(s) that uncertainties in a contract are interpreted against the party who caused the uncertainty to exist.

14.6    Modification or Amendment. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the persons who executed this Agreement or their successors-in-interest.

14.7    Waiver. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

14.8    Severability. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality or enforceability of any other provision hereunder.

14.9    Successors. This Settlement Agreement shall be binding upon and inure to the benefit of the heirs, successors and assigns of the Parties thereto.

14.10    <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

14.11    <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs.

14.12    <u>Interpretation</u>.

    (a)    Definitions apply to the singular and plural forms of each term defined.

    (b)    Definitions apply to the masculine, feminine, and neuter genders of each term defined.

    (c)    Whenever the words "include," "includes" or "including" are used in this Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

14.13    <u>No Precedential Value</u>. The Parties agree and acknowledge that this Agreement carries no precedential value.

14.14    <u>Fair and Reasonable</u>. The Parties and their counsel believe this Agreement is a fair and reasonable compromise of the disputed claims, in the best interest of the Parties, and have arrived at this Agreement as a result of arm's-length negotiations with the assistance of an experienced mediator.

14.15    <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the terms of this Agreement.

14.16    <u>Headings</u>. Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

14.17    <u>Exhibits</u>. The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

14.18    <u>Counterparts and Signatures</u>. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts. Digital signatures shall have the same force and effect as the original.

Docusign Envelope ID: 98B6BAF7-698B-4BCE-84AA-75C8A5EAEE30

14.19   <u>Facsimile and Electronic Mail</u>. Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

14.20   <u>No Assignment</u>. Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title or interest in or to any of the Released Claims.

14.21   <u>Deadlines</u>. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next Business Day. All reference to "days" in this Agreement shall refer to calendar days, unless otherwise specified. The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

14.22   <u>Dollar Amounts</u>. All dollar amounts are in United States dollars, unless otherwise expressly stated.


[Signatures appear on following pages]


29

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by their duly authorized counsel:

Dated: March 27, 2026

Brian Murray
*Plaintiff*

Dated: March 27, 2026

Leslie Linwood Rich

*Plaintiff*

Dated: March 27, 2026

**AHDOOT & WOLFSON, PC**

Melissa R. Clark
Andrew W. Ferich

*Class Counsel for Plaintiffs*

Dated: March 27, 2026

**BERGER MONTAGUE PC**

Mark B. DeSanto
E. Michelle Drake

*Class Counsel for Plaintiffs*

Dated: March 27, 2026

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**

John A. Yanchunis
Ronald Podolny

*Class Counsel for Plaintiffs*

30

Dated:    April 15, 2026                        _____
                                               Tim Bixby

                                               *On Behalf of Defendants Lemonade, Inc. and
                                               Lemonade Insurance Agency, LLC*

                                               **COOLEY LLP**

Dated: March 27, 2026                          ___*/s/ Tiana A. Demas*_____
                                               Tiana A. Demas
                                               Anne Bigler

                                               *Counsel for Defendants Lemonade, Inc. and
                                               Lemonade Insurance Agency, LLC*

# EXHIBIT A

Docusign Envelope ID: 98B6BAF7-698B-4BCF-84AA-75C8A5EAEE30

```
*####00000000*
      #### 0 0 0 0 0 0 0 0
```

<table>
<tr><td>

**Your Claim must be submitted online or postmarked by:**
==Month xx, 202x==

</td><td>

# CLAIM FORM

*In re Lemonade, Inc. Data Disclosure Litigation*
Case No. 1:25-cv-04106-JHR-KHP
United States District Court for the Southern District of New York

</td><td>



</td></tr>
</table>

## GENERAL INSTRUCTIONS

If you received Notice of this Settlement, the Defendants have identified you as a Settlement Class Member whose Personal Information was compromised in the Data Exposure. You may submit a claim for Settlement Benefits as outlined below.

In addition to the benefits below, **all Settlement Class Members have been provided with a unique code to activate 3 years of Credit Monitoring and Insurance Services** ("CMIS"). This is an automatic benefit to all Class Members except those who opt out of the Settlement. Enrollment and activation of CMIS services will be available only after the Court grants final Settlement approval. Instructions on how to activate your CMIS code will be provided on the Settlement Website (www.==[website]==.com) after the Settlement has been approved by the Court. Settlement Class Members who do not know their CMIS code should use the "Contact Us" form of the Settlement Website or mail the Settlement Administrator at the address below to request that information.

Please refer to the Long Form Notice posted on the Settlement Website www.==[website]==.com for more information.

**To receive cash Settlement Benefits, you must submit the Claim Form below electronically at www.==[website]==.com by 11:59 pm ET on ==Month xx, 202x.==**

This Claim Form may also be mailed to the address below, postmarked no later **than ==Month XX, 202X==**.Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*In re Lemonade, Inc. Data Disclosure Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box ==XXXX==
New York, NY 10150-==XXXX==

**You may submit a Claim for one or both of the following cash Settlement Benefits:**

**Documented Loss Payment**: Reimbursement of up to $10,000 for documented losses related to the Data Exposure. Claims for reimbursement of documented losses must be supported with Reasonable Documentation as that term is defined in the Settlement Agreement. The documentation must demonstrate that you actually incurred unreimbursed losses and consequential expenses that are more likely than not traceable to the Data Exposure and incurred in or after April 2023.

**Alternative Cash Fund Payment**: Settlement Class Members also may submit a Claim for a *pro rata* (proportional) Cash Fund Payment, to be calculated in accordance with the Settlement Agreement, but estimated to be between approximately $==XXX==-==XXX==.

## I. PAYMENT SELECTION

By submitting a paper Claim Form, you are choosing to receive your Settlement Payment via mailed check. If you would like to receive your payment through electronic transfer, via Zelle, Venmo, PayPal, or ACH please visit the Settlement Website and timely file your Claim Form online. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

Docusign Envelope ID: 98B6BAE7-698B-4BCE-84AA-7FC8A5EAEE30

*####00000000*

#### 0 0 0 0 0 0 0 0

_____         _____
**First Name**                                **Last Name**

_____
**Address 1**

_____
**Address 2**

_____   ___ ___   ___ ___ ___ ___ ___
**City**                                            **State**     **Zip Code**

**Telephone Number: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____**

**Email Address: _____**

## III. DOCUMENTED LOSS PAYMENT

Settlement Class Members also may submit a claim for a cash payment under this settlement for up to $10,000 per Settlement Class Member if you can show documented losses that are more likely than not traceable to the Data Exposure.

To receive a Documented Loss Payment, you must provide Reasonable Documentation that demonstrates the Documented Loss to be reimbursed and that the loss is more likely than not traceable to the Data Exposure. Examples of Reasonable Documentation include credit card statements, bank statements, invoices, telephone records, screen shots, and receipts.

If you do not submit Reasonable Documentation supporting a Documented Loss Payment claim, or if your claim for a Documented Loss Payment is rejected for any reason, and you fail to cure your claim, the claim will be rejected and you will instead be automatically placed into the Cash Fund Payment category below at the discretion of the Settlement Administrator.

☐   I have attached documentation showing that the documented expenses listed below were caused by the Data Exposure.

"Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Credit Monitoring Service | 0 7/17/25 (mm/dd/yy) | $50.00 | Copy of credit monitoring service bill |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |

Docusign Envelope ID: 98B6BAF7-698B-4BCF-84AA-7FC8A5EAEE30

\*####00000000\*

#### 0 0 0 0 0 0 0 0

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
|  | __ __/___ __/___ __ (mm/dd/yy) | $_____._____ |  |
|  | __ __/___ __/___ __ (mm/dd/yy) | $_____._____ |  |

## IV. CASH FUND PAYMENT

By providing a valid and timely Claim Form, you will be eligible to receive a *pro rata* (proportional) Cash Fund Payment. You will be eligible to receive a Cash Fund Payment irrespective of any determination as to the validity of any Documented Loss Payment claim you may submit. The Cash Fund Payment will be calculated according to Section 3.10 of the Settlement Agreement.

## V. ATTESTATION & SIGNATURE

By signing below, I swear and affirm under the laws of the state I currently reside in that the information I have supplied in this Claim Form is true and correct to the best of my recollection.

**For Documented Loss Payment claims**: by signing the below, I also swear and affirm under the laws of the state in which I currently reside that I have not already been reimbursed for the Documented Losses I am claiming for reimbursement in this Claim Form, through insurance, Lemonade-provided credit monitoring services, or otherwise.

_____     _____
Signature                                                                          Date (mm/dd/yyyy)


_____
Print Name



**Reminder Checklist**

If your address changes or you need to make a future correction/update to the address you provide on this Claim Form, please visit the "Contact Us" section of the Settlement Website at www.[website].com and provide your updated address information. Make sure to include your Class Member ID and your phone number in case we need to contact you in order to complete your request.


For more information, visit www.[website].com or call the Settlement Administrator at **(xxx) xxx-xxxx**.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LEMONADE, INC. DATA DISCLOSURE LITIGATION | No. 1:25-cv-04106-JHR-KHP<br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING FINAL**
**APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, on _____, 2026, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement, and directing that Notice be given to the Settlement Class.

WHEREAS, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of Class Members to object or opt-out, and of the right of Class Members to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether the Final Approval Order and Judgment should be entered dismissing this Action with prejudice;

WHEREAS, a Final Approval Hearing was held on _____, 2026. Class Members were notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorney's fees, costs, and expenses to Class Counsel, and requested Service Awards to Class Representatives.

Docusign Envelope ID: 98B6BAF7-698B-4BCF-84AA-75C8A5EAEE30

NOW, THEREFORE, the Court having heard the presentation of Class Counsel and Lemonade's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the application for attorney's fees, expenses, and costs made by Class Counsel and the application for Service Awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1.      The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3.      The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class Members, within the authority of the Parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4.      There are __ objections and __ opt outs to the Settlement. Those Class Members who timely and properly opted out from the settlement are identified in **Exhibit 1** to this order.

5.      The Settlement Class, which will be bound by this Final Approval Order, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6.       For purposes of the Settlement and this Final Approval Order, the Court hereby:

a.       certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23: all living, natural persons residing in the United States whose Personal Information was compromised in the Data Exposure, including all persons who were sent notice of the Data Exposure. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Lemonade, its subsidiaries, parent companies, successors, predecessors, and any entity in which Lemonade or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

b.       appoints Plaintiffs Brian Murray and Leslie Linwood Rich, for settlement purposes only, as representatives of the Settlement Class. The Court finds that the Class Representatives are similarly situated to absent Settlement Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

c.       appoints Melissa R. Clark and Andrew W. Ferich of Ahdoot & Wolfson, PC, Mark B. DeSanto and E. Michelle Drake of Berger Montague, PC, and John A. Yanchunis and Ron Podolny of Morgan & Morgan Complex Litigation Group as Class Counsel;

d.       finds that the dissemination of Notice to Class Members: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (1) a description of the

material terms of the Settlement, including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (2) how to submit a Claim Form; (3) the Claims Deadline; (4) the last day of the Opt-Out Period for individuals in the Settlement Class to opt-out of the Settlement Class; (5) the Objection Deadline for Class Members to object to the Settlement and/or motion for a Fee Award and Costs and Class Representative Service Awards; (6) the Final Approval Hearing date; and (7) the Settlement Website address at which Class members may access the Settlement Agreement and other related documents and information; (d) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Fed. R. Civ. P. 23, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules; and

e.    finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and 90 days have passed without comment or objection from any governmental entity.

7.    All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8.    Within the time periods set forth in the Settlement Agreement, the Settlement Benefits provided for in the Settlement Agreement shall be paid to the Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

Docusign Envelope ID: 98B6BAE7-698B-4BCE-84AA-7FC8A5EAEE30

9.      Upon the Effective Date, Class Members who did not validly and timely opt-out shall, by operation of this Final Approval Order, have fully, finally, and forever released, relinquished, disclaimed and discharged Defendants from all claims that were or could have been asserted in the Action.

10.     All Class Members who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims against Defendants released pursuant to the Settlement Agreement.

11.     The terms of the Settlement Agreement and this Final Approval Order shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or in any third party action.

12.     The Final Approval Order, the Settlement Agreement, the Settlement which it reflects, and all acts, statements, documents, or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Defendants of any fault, wrongdoing, or liability on the part of Defendants or of the validity or certifiability for litigation of any claims.

13.     The Court finds Service Awards of $_____ per Class Representative are fair and reasonable. These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

14.     The Court hereby approves an award of attorney's fees in an amount of $_____ and, separately, litigation costs and expenses in an amount of $_____. These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement. The Court finds these amounts to be fair and reasonable.

15.     [The Court has considered the __ objection[s] to the Settlement. The Court finds and concludes that the objection[s] is/are without merit, and is/are hereby overruled] **or** [There were no objections to the Settlement].

16.     The above-captioned Action is hereby dismissed against Defendants in its entirety, with prejudice. Except as otherwise provided in this Final Approval Order, the Parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

17.     Should any non-distributable residual of the Settlement Fund remain following distribution of the Settlement benefits, the Court hereby approves the distribution of 100% of any such residue from the Settlement Fund to the Electronic Frontier Foundation, a 26 U.S.C. § 501(c)(3) nonprofit organization focused on digital privacy and defending digital civil liberties.

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: _____, 2026

_____
HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE LEMONADE, INC. DATA DISCLOSURE LITIGATION | No. 1:25-cv-04106-JHR-KHP<br><br>CLASS ACTION |

## [PROPOSED] FINAL JUDGMENT

On [date], the Court [granted] Plaintiffs' Motion for Final Approval of the Class Action Settlement, and Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards to the Class Representatives. Judgment is hereby entered.

**IT IS SO ORDERED.**

So Ordered, this _____ day of _____, 202_.

_____
HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE

# EXHIBIT D

Docusign Envelope ID: 98B6BAF7-698B-4BCF-84AA-7FC8A5EAEE30

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

United States District Court for the Southern District of New York
*In re Lemonade, Inc. Data Disclosure Litigation,* **Case No. 1:25-cv-04106-JHR-KHP**

# Were you notified that your Personal Information may have been compromised in an unauthorized data exposure involving Lemonade Insurance Agency's insurance quotation platform? A proposed class action settlement may affect your rights.

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached with Lemonade, Inc. and Lemonade Insurance Agency, LLC, the "Defendants" or "Lemonade," in a class action lawsuit about the alleged data exposure involving Lemonade's online insurance quote platform, which occurred between April 2023 and September 18, 2024 (i.e., the Data Exposure).

- You are included in this Settlement as a "Settlement Class Member" if you received a notice of the Data Exposure informing you that your Personal Information (e.g., driver's license numbers) was compromised. Those notices were sent in April 2025 and June 2025.

- As a Settlement Class Member, your rights are affected whether you act or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive cash benefits from this Settlement is by submitting a timely and valid Claim Form. You can submit your Claim Form online at www.[website].com or download the Claim Form and mail it to the Settlement Administrator. You may also contact the Settlement Administrator to request a mailed paper copy of the Claim Form. All Class Members will automatically receive the Credit Monitoring and Insurance Services ("CMIS") benefit, you do not need to submit a claim to receive this benefit. | Month, __, 202X |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can choose to retain your own legal counsel at your own expense. If you opt out, you will not be able to receive any benefits and you will not be bound by the terms of the Settlement Agreement. | Month, __, 202X |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you do not like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a Claim for Settlement Class Member Benefits. | Month, __, 202X |
| **DO NOTHING** | If you do nothing, you will not receive any cash benefits from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You will remain a Settlement Class Member and will still be able to activate your CMIS code. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

1

- The Court in charge of this case still must decide whether to approve the Settlement.

## W<small>HAT THIS</small> N<small>OTICE</small> C<small>ONTAINS</small>

**Basic Information**

1. Why was this Notice issued?.................................................................................................... 3
2. What is this Action about?...................................................................................................... 3
3. What is a class action?............................................................................................................ 3
4. Why is there a Settlement?..................................................................................................... 3

**Who is in the Settlement?**

5. Who is included in the Settlement?......................................................................................... 3
6. Are there exceptions to being included in the Settlement?..................................................... 3

**The Settlement Class Member Benefits**

7. What can I get from this Settlement?...................................................................................... 4
8. Tell me more about the Documented Loss Payment................................................................ 4
9. Tell me more about the Cash Fund Payment........................................................................... 4
10. Tell me more about Credit Monitoring and Insurance Services............................................ 4
11. What claims am I releasing if I stay in the Settlement Class?............................................... 5

**How to get Settlement Class Member Benefits – Making a Claim**

12. How do I submit a Claim Form and get a Settlement Class Member Payment?..................... 5
13. When will I get my Settlement Class Member Benefits?....................................................... 5

**The Lawyers Representing You**

14. Do I have a lawyer in this case?........................................................................................... 5
15. Should I get my own lawyer?................................................................................................ 6
16. How will the lawyers be paid?.............................................................................................. 6

**Excluding Yourself from the Settlement**

17. How do I opt out of the Settlement?..................................................................................... 6

**Objecting to the Settlement**

18. How do I tell the Court if I do not like the Settlement?........................................................ 6
19. What is the difference between objecting and opting out?.................................................... 8

**The Court's Final Approval Hearing**

20. When is the Court's Final Approval Hearing?....................................................................... 8
21. Do I have to come to the Final Approval Hearing?............................................................... 8

**If You Do Nothing**

22. What happens if I do nothing at all?..................................................................................... 8

**Getting More Information**

23. How do I get more information?............................................................................................ 8

## BASIC INFORMATION

### 1. Why was this Notice issued?

A Court authorized this Notice because you have a right to know about the proposed Settlement of this Action and about all your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the Action, your legal rights, what benefits are available, and who can receive them.

The Action is called *In re Lemonade, Inc. Data Disclosure Litigation*, Case No. 1:25-cv-04106-JHR-KHP and is pending in the United States District Court for the Southern District of New York. The people who filed this Action are called the "Plaintiffs" and the companies they sued, Lemonade, Inc. and Lemonade Insurance Agency, LLC, are called the "Defendants."

### 2. What is this Action about?

This Action alleges that Personal Information (e.g., driver's license numbers) was potentially disclosed and/or accessed between April 2023 and September 2024, when cybercriminals entered unauthorized information into Defendants' online insurance quote system. Among other things, the Action asserts claims against the Defendants for negligence, violation of the Driver's Privacy Protection Act, and violation of the New York General Business Law Section 349.

The Defendants deny they did anything wrong and dispute they have any liability, but have agreed to settle this lawsuit on a class wide basis.

### 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals who sue are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "Settlement Class" or "Settlement Class Members." One court resolves the lawsuit for all Settlement Class Members, except for those who exclude themselves (sometimes called, "opting out") from a settlement. In this Settlement, the Class Representatives are Brian Murray and Leslie Linwood Rich.

### 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. The Defendants deny all claims and contend that they have not violated any laws. The Plaintiffs and Defendants agreed to a Settlement to avoid the costs and risks of a trial, and through the Settlement, Settlement Class Members are eligible to claim a payment and other benefits. The Plaintiffs and their attorneys, who also represent Settlement Class Members, think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

### 5. Who is included in the Settlement?

The Settlement Class consists of all living, natural persons residing in the United States whose Personal Information was compromised in the Data Exposure, including all persons who were sent notice of the Data Exposure. The Settlement Class consists of approximately 190,000 individuals.

### 6. Are there exceptions to being included in the Settlement?

Yes, excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Lemonade, its subsidiaries, parent companies, successors, predecessors, and any entity in which Lemonade or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for

3

Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

## THE SETTLEMENT CLASS MEMBER BENEFITS

### 7. What can I get from this Settlement?

If approved by the Court, the Defendants will pay $10,500,000 into a Settlement Fund to resolve the Settlement. In addition to the cash benefits below, all Settlement Class Members have been provided with a unique code to activate 3 years of Credit Monitoring and Insurance Services ("CMIS"). This is an automatic benefit to all Class Members except those who request exclusion from the Settlement. Once the Settlement receives final approval, Settlement Class Members will be able to enroll in the CMIS product provided under this Settlement using their CMIS code (see Question 10). Enrollment and activation of CMIS services will be available only after the Court grants final settlement approval. Instructions on how to activate the code will be provided on the website after the Settlement has been approved by the Court.

Settlement Class Members may choose to receive one or both of the following benefits payments:

(1) **Documented Loss Payment**: Reimbursement of up to $10,000 for documented losses on or after April 1, 2023 more likely than not traceable to the Data Exposure; and

(2) **Cash Fund Payment**: A *pro rata* (proportional) cash payment.

### 8. Tell me more about the Documented Loss Payment.

Settlement Class Members may submit a claim for a Settlement Payment of up to $10,000 for reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Settlement Class Member must submit a valid Claim Form choosing to receive the Documented Loss Payment benefit, including an attestation regarding any actual and unreimbursed Documented Loss made under penalty of perjury; and providing Reasonable Documentation that demonstrates the Documented Loss to be reimbursed are more likely than not traceable to the Data Exposure. Compensable Documented Losses must have occurred after April 1, 2023. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

### 9. Tell me more about the Cash Fund Payment.

In addition to a Claim for a Documented Loss payment, Settlement Class Members also may submit a Claim to receive a *pro rata* (proportional) Settlement Payment in cash (i.e., a "Cash Fund Payment").

After deducting Administrative Expenses, Fee Award and Costs, Service Awards, Escrow fees, and Taxes the balance of the Settlement Fund or Net Settlement Fund will be used to pay the cost of CMIS and Approved Claims for Documented Loss Payments. The amount of the Net Settlement Fund remaining after these deductions (the Post CM/DL Net Settlement Fund) will be used to make Cash Fund Payments to Settlement Class Members who submit a Valid Claim selecting this payment option. The description of the Cash Fund Payment calculation can be found in Section 3.10 of the Settlement Agreement.

### 10. Tell me more about Credit Monitoring and Insurance Services.

In addition to selecting one or both of the above Settlement Payment options, all Settlement Class Members will receive a unique code to activate 3 years of the CMIS product. The CMIS product will include at least the following services: (1) up to $1 million dollars of identity theft insurance coverage; and (2) three bureau credit monitoring.

CMIS codes have been provided to all Settlement Class Members in the Notice (i.e., in the postcard notice). Settlement Class Members who do not know their CMIS code should use the "Contact Us" form of the Settlement Website or mail the Settlement Administrator at the address below to request that information:

*In re Lemonade, Inc. Data Disclosure Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

Once the Settlement receives final approval, Settlement Class Members will be able to activate the CMIS product using their unique CMIS code. Enrollment and activation of CMIS services will be available only after the Court grants final settlement approval.

Settlement Class Members are **not** required to submit a Claim Form to receive this Settlement Benefit. It is being distributed automatically as part of Notice.

### 11. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about any of the legal claims this Settlement resolves. The Releases section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement can be found at www.[website].com.

## HOW TO GET SETTLEMENT CLASS MEMBER BENEFITS – MAKING A CLAIM

### 12. How do I submit a Claim Form and get a Settlement Class Member Payment?

You must submit a Claim Form by MM/DD/YYYY. Claim Forms may be submitted online at www.[website].com by 11:59 p.m. ET, or mailed postmarked by MM/DD/YYYY to the Settlement Administrator at:

*In re Lemonade, Inc. Data Disclosure Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

### 13. When will I get my Settlement Class Member Benefits?

The short answer is – after the Settlement is "finally approved" and any challenges to that approval are finally resolved. The Court is scheduled to hold a Final Approval Hearing on Month XX, 202X, at X:X0 _.m. ET, to decide whether to approve the Settlement, how much Settlement Attorneys' fees, Expenses, and Costs to award Class Counsel for representing the Settlement Class, and Service Award payments to the Class Representatives who brought this Action on behalf of the Settlement Class.

If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement Class Member Benefits will be distributed as soon as possible, if and when the Court grants Final Approval of the Settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes, the Court appointed Melissa R. Clark and Andrew W. Ferich of Ahdoot & Wolfson, PC, Mark B. DeSanto and E. Michelle Drake of Berger Montague PC, and John A. Yanchunis and Ronald Podolny

of Morgan & Morgan Complex Litigation Group, to represent you and other members of the Settlement Class as Class Counsel. You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval).

If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. Should I get my own lawyer?

It is not necessary for you to hire your own lawyer because Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court to approve attorneys' fees up to one-third (33 1/3 %) of the Settlement Fund (i.e., $3,500,000), reimbursement of litigation expenses and costs incurred as a necessity of prosecuting this matter, as well as $2,000 Service Award payments to each of the Class Representatives. If approved, these amounts will be paid from the Settlement Fund before making payments to Settlement Class Members who submit Valid Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 17. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right to separately sue the Defendants about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The Opt-Out Deadline to submit a "Request for Exclusion" from the Settlement is **Month XX, 202X**.

To exclude yourself from the Settlement, you must submit a written Request for Exclusion to the Settlement Administrator that includes the following information:

- the case name "*In re Lemonade, Inc. Data Disclosure Litigation*";
- your name, address, telephone number, and Class Member ID;
- a statement indicating that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in '*In re Lemonade, Inc. Data Disclosure Litigation*.'";
- identify the lawyer representing you (if any); and
- your personal signature or the signature of your legal guardian or representative.

Your request for exclusion must be mailed to the Settlement Administrator at the address below, postmarked no later than **Month XX, 202X**.

*In re Lemonade, Inc. Data Disclosure Litigation*
c/o Kroll Settlement Administration LLC
ATTN: Exclusion Request
P.O. Box **XXXX**
New York, NY 10150-**XXXX**

A request to be excluded that is sent to an address other than that designated as the Settlement Administrator's address shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound by the terms of the Settlement.

## OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court if I do not like the Settlement?

6

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it, whether that be to the Settlement Class Member Benefits, the request for attorneys' fees, costs and expenses, or Service Award payments, the Releases provided to the Defendant, or some other aspect of the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject this Settlement. If the Court denies approval, no Settlement payments will be sent out, and the lawsuit will continue. Through an objection, you give reasons why you think the Court should not approve the Settlement.

For an objection to be considered by the Court, the objection must be in writing and include:

a. the case name and number (i.e., *In re Lemonade, Inc. Data Disclosure Litigation*, Case No. 1:25-cv-04106-JHR-KHP);

b. your full name, current mailing address, and telephone number;

c. a statement indicating that you believe you are a member of the Settlement Class;

d. proof that you are a member of the Settlement Class (e.g., copy of the settlement notice, copy of the original notice of the Data Exposure);

e. the specific factual and legal grounds for the objection;

f. whether the Objection is an objection to the Settlement in part or in whole;

g. whether the objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class;

h. all counsel representing you, if any;

i. a list, including case name, court, and docket number, of all other cases in which you and/or your counsel have filed an objection to any proposed class action settlement in the past 5 years;

j. all documents or writings that you want the Court to consider;

k. a statement regarding whether you (or counsel of your choosing) intends to appear at the Final Approval Hearing; and

l. your personal signature or the signature of your duly authorized attorney or representative.

Objections must be filed with, or mailed to, the Court no later than **Month XX, 202X**.

Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

A copy of your objection also must be mailed to Class Counsel, Defendants' Counsel and the Settlement Administrator at the addresses below, postmarked no later than **Month XX, 202X**.

| CLASS COUNSEL | | |
|---|---|---|
| Melissa R. Clark<br>**Ahdoot & Wolfson, PC**<br>521 5th Avenue, 17th Floor<br>New York, NY 10175<br><br>Andrew W. Ferich<br>**Ahdoot & Wolfson, PC**<br>201 King of Prussia Road<br>Suite 650<br>Radnor, PA 19087 | Mark B. DeSanto<br>**Berger Montague PC**<br>1818 Market Street, Suite 3600<br>Philadelphia, PA 19103<br><br>E. Michelle Drake<br>**Berger Montague PC**<br>1229 Tyler Street NE, Suite 205<br>Minneapolis, MN 55413 | John A. Yanchunis<br>Ronald Podolny<br>**Morgan & Morgan Complex Litigation Group**<br>201 N. Franklin Street<br>7th Floor<br>Tampa, FL 33602 |
| DEFENDANTS' COUNSEL | SETTLEMENT ADMINISTRATOR | |
| Tiana A. Demas | *In re Lemonade, Inc. Data Disclosure Litigation* | |

| Anne Bigler<br>**Cooley LLP**<br>55 Hudson Yards<br>New York, NY 10001 | c/o Kroll Settlement Administration LLC<br>ATTN: Objections<br>PO Box XXXX<br>New York, NY 10150-XXXX |

## 19. What is the difference between objecting and opting out?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from it. Excluding yourself from the Settlement means telling the Court you do not want to be part of the Settlement. If you exclude yourself or opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

## 20. When is the Court's Final Approval Hearing?

The Court is scheduled to hold a Final Approval Hearing on **Month XX, 202X at XX:X0 _.m. ET**, at Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, to decide whether to approve the Settlement, how much Settlement Attorneys' fees, Costs, and Expenses to award to Class Counsel for representing the Settlement Class, and whether to approve Service Awards to the Class Representatives who brought this Action on behalf of the Settlement Class. The date and time of this hearing may change without further notice. Please check www.[website].com for updates.

## 21. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense. If you file an objection, you may, but you do not have to, come to the Final Approval Hearing to talk about it. If you file your written objection on time and in accordance with the requirements above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

## 22. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendants and the Released Parties, as defined in the Settlement Agreement, about the legal issues resolved by this Settlement. In addition, you will be bound by the Releases of the Released Parties in the Settlement and will not be eligible to receive a Settlement Payment, but you will still be able to activate your unique Credit Monitoring and Insurance Services code to receive the CMIS benefit.

## GETTING MORE INFORMATION

## 23. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.[website].com.

If you have additional questions or need to update your address, you may contact the Settlement Administrator by phone at (XXX) XXX-XXXX, or by mail:

*In re Lemonade, Inc. Data Disclosure Litigation*
c/o Kroll Settlement Administration LLC

8

Docusign Envelope ID: 98B6BAF7-698B-4BCF-84AA-7FC8A5EAEE30

P.O. Box XXXX
New York, NY 10150-XXXX

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS.**
**THEY CANNOT ANSWER ANY QUESTIONS.**

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LEMONADE, INC. DATA DISCLOSURE LITIGATION | Case No. 1:25-cv-04106-JHR-KHP<br><br>**CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

The Court, having considered all matters submitted to it at the preliminary approval hearing and otherwise, and finding no just reason for delay in entry of this Preliminary Approval Order,[1] and good cause appearing therefor, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1.      The Settlement Agreement, attached to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") as **Exhibit 1** is incorporated fully herein by reference.

2.      The Court has jurisdiction over the claims at issue in this lawsuit, Plaintiffs Brian Murray and Leslie Linwood Rich, individually and on behalf of all others similarly situated, and Defendants Lemonade, Inc. and Lemonade Insurance Agency, LLC (collectively, "Lemonade" or "Defendants").

---

[1] Unless otherwise indicated or defined separately herein, all capitalized terms share the same definitions as those terms are defined in the Settlement Agreement.

3.       This Order is based on Fed. R. Civ. P. 23.

4.       The Court finds that the Parties' Settlement as set forth in **Exhibit 1** to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class.

## PROCEDURAL HISTORY

5.       This case arises from a Data Exposure disclosed by Lemonade on or about April 11, 2025. During the Data Exposure, individuals' driver's license numbers and other Personal Information were potentially disclosed due to the configuration of Lemonade's online application process it had used for generating car insurance quotes. The information impacted included the Personal Information of approximately 190,000 individuals.

6.       Beginning in May of 2025, three putative class actions were filed in this Court on behalf of persons whose information was compromised as part of the Data Exposure. The Plaintiffs in these cases allege, *inter alia*, that Lemonade failed to take reasonable measures to safeguard the sensitive data entrusted to it. ECF No. 14. The Court entered an order on July 29, 2025 consolidating these cases into the first-filed case, under the caption, *In re Lemonade, Inc., Data Disclosure Litigation*. On September 24, 2025, the Court entered an order appointing interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g). ECF No. 38.

7.       Plaintiffs filed the operative complaint on August 29, 2025. ECF No. 26. The Consolidated Complaint asserts claims for negligence, negligence per se, violations of consumer protection laws, and seeks declaratory and injunctive relief. *Id.*

2

8.      On November 4, 2025, the Plaintiffs and Lemonade engaged in a remote, all-day mediation session before Steven Jaffe of Upchurch Watson White & Max. The mediation assisted Plaintiffs and Lemonade in resolving their outstanding differences. With the aid and assistance of the mediator, the Parties reached an agreement to settle this matter in principle, and thereafter were able to finalize all the terms of the Settlement Agreement and its exhibits.

**SETTLEMENT BENEFITS**

9.      The Settlement negotiated on behalf of the Class provides for a $10,500,000 non-reversionary Settlement Fund that will be used to pay for (i) Administrative Expenses, (ii) Fee Award and Costs, (iii) Service Awards, (iv) escrow fees, and (v) Taxes. The remaining amount in the net settlement fund (the "Net Settlement Fund") will be used to pay for the Credit Monitoring and Insurance Services ("CMIS") benefit as well as Approved Claims submitted by Class Members for cash Settlement Benefits. Class Members may submit a Claim Form for some or all of the following Settlement Benefits:

a.      <u>Documented Losses Payment</u>: Class Members may submit a Claim Form for a Documented Losses Payment seeking up to $10,000 per person for the reimbursement of documented losses supported by Reasonable Documentation. Documented Losses must be supported sufficiently to show that the claimed loss is more likely than not a result of the Data Exposure. The Settlement Administrator will review these claims for compliance with the requirements of the Settlement Agreement.

b.      <u>Cash Fund Payment</u>: Class Members may also receive a *pro rata* cash payment ("Cash Fund Payment"). The actual amount each Class Member will receive for this option may be more or less depending on the number of Approved Claims submitted. Settlement Class Members may submit Claims for both a Cash Fund Payment and a Documented Loss Payment.

3

10.     CMIS: In addition to selecting one or both of the above Settlement Payment options, all Settlement Class Members will automatically receive a code to activate 3 years of Credit Monitoring and Insurance Services. The CMIS product will include at least the following services and features, to be provided to each Settlement Class Member: (i) up to $1 million dollars of identity theft insurance coverage; and (ii) three bureau credit monitoring. The CMIS activation codes will be provided to all Settlement Class Members in the Notice (i.e., in the postcard notice). Once the Settlement receives final approval, Settlement Class Members will be able to enroll in the CMIS product provided for under this Settlement using the activation code provided in the Notice. Enrollment and activation of CMIS services will be available only after the Court grants final settlement approval. Settlement Class Members will not be required to submit a Claim Form to receive this Settlement Benefit.

11.     Security Commitments; Prospective Relief: In addition to the monetary Settlement Benefits, Lemonade has made changes and enhancements to its data and information security posture, at its expense and separate from the Settlement Fund, which are designed to strengthen Lemonade's data and information security processes. Lemonade will continue to implement these changes and enhancements for a period of at least three years from the Effective Date. Lemonade has agreed and acknowledges that any changes or enhancements that have been made following the inception of this litigation are and may be deemed, for purposes of settlement, to have occurred as a result of this litigation.

12.     The Settlement Fund shall be used to make payments for the following: (i) Notice and Administrative Expenses; (ii) attorneys' fees and litigation costs and expenses (i.e., any Fee Award and Costs); (iii) costs associated with the CMIS benefit; (iv) Approved Claims for Documented Losses Payments, up to $10,000 per Claim; (v) Approved Claims for Cash Fund

4

Payments, to be paid on a *pro rata* basis; (vi) any awarded Class Representative Service Awards; (vii) taxes; and (viii) any escrow fees.

13. The Settlement Fund is non-reversionary. To the extent any monies remain in the Net Settlement Fund more than 120 days after the distribution of Settlement Payments, a subsequent Settlement Payment will be evenly made to all Settlement Class Members with Approved Claims for Cash Fund Payments who cashed or deposited the initial payment they received, assuming such payment is over $3.00. Whereupon such payment is below $3.00, the amount remaining in the Net Settlement Fund, if any, shall be distributed to the Electronic Frontier Foundation, the Non-Profit Residual Recipient.

## SETTLEMENT CLASS CERTIFICATION

14. For purposes of settlement only, the Court provisionally certifies the Settlement Class, defined as follows:

> All living, natural persons residing in the United States whose Personal Information was compromised in the Data Exposure, including all persons who were sent notice of the Data Exposure. Excluded from the Settlement Class are: (1) the Judge(s) presiding over the Action and members of their immediate families and their staff; (2) Lemonade, its subsidiaries, parent companies, successors, predecessors, and any entity in which Lemonade or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person

15. The Court provisionally finds, pursuant to Fed. R. Civ. P. 23(a) and (b), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (e) the Court finds that the questions of law or fact common to the Class Members

5

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CLASS COUNSEL AND THE CLASS REPRESENTATIVES

16.     Plaintiffs Brian Murray and Leslie Linwood Rich are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Class Members and are typical of the Settlement Class, and, therefore, they will be adequate Class Representatives.

17.     The Court finds that Melissa R. Clark and Andrew W. Ferich of Ahdoot & Wolfson, PC, Mark B. DeSanto and E. Michelle Drake of Berger Montague, PC, and John A. Yanchunis and Ron Podolny of Morgan & Morgan Complex Litigation Group, are experienced and adequate counsel, and are provisionally designated as Class Counsel.

## NOTICE TO SETTLEMENT CLASS

18.     No later than 35 days after the entry of the Preliminary Approval Order (i.e., the Notice Date), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Notice to the Settlement Class as follows:

a.      For any Class Member for whom a physical address is reasonably available, the Settlement Administrator will send the Summary Notice (in postcard form) by U.S. mail, postage prepaid;

b.      In the event the Settlement Administrator transmits a Notice via U.S. Mail, then the Settlement Administrator shall perform any further investigations deemed appropriate by the Settlement Administrator, including using the National Change of Address ("NCOA") database maintained by the United States Postal Service, in an attempt

6

Docusign Envelope ID: 98B6BAF7-698B-4BCF-84AA-75C8A5EAEE30

to identify current mailing addresses for individuals or entities whose names are provided by Lemonade;

c.      For any Notice that has been mailed via U.S. mail and returned by the Postal Service as undeliverable, and should the Parties elect remailing consistent with terms of the Settlement, the Settlement Administrator shall re-mail the notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail;

d.      At the direction and discretion of the Parties, the Settlement Administrator shall perform reasonable address traces for those postcard Summary Notices that are returned as undeliverable. If the Parties elect remailing, then no later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of postcard Summary Notice to those Class members whose new addresses were identified as of that time through address traces. The Parties have the discretion to elect alternative means of Class Member notice in lieu of re-mailing postcard notices; and

e.      Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed.

19.      Prior to any dissemination of the Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the internet. The Settlement Administrator shall create, maintain, and periodically update the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, the Settlement Agreement, the Preliminary Approval Order entered by the Court, and the operative Complaint, as well as the

7

date, time, and place of the Final Approval Hearing. The Settlement Website shall also include a toll-free telephone number and mailing address through which Class Members may contact the Settlement Administrator directly.

20.     The Long Form Notice, Summary Notice (i.e., postcard notice), and Claim Form, attached as Exhibits D, F, and A, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process. The Court further finds that the form, content, and method of providing the Notice, as described in the Settlement Agreement, including the exhibits thereto: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members.

21.     The Notice Plan set forth in the Settlement Agreement provides the best notice practicable under the circumstances, and is hereby approved.

22.     The Settlement Administrator is directed to carry out Notice and the Notice Plan, as set forth in the Settlement Agreement.

## OPT-OUT AND OBJECTIONS

23.     Class Members may submit a request to opt-out or object to the Settlement within 60 days after the Notice Date. Any Class Member may submit a request to opt-out of the Settlement at any time during the Opt-Out Period by adhering to the requirements of Section 6.8 of the Settlement Agreement. Any individual in the Settlement Class who does not timely and validly

request to opt-out shall be bound by the terms of the Settlement Agreement even if he or she does not submit a valid claim.

24.    Opt-outs may only be on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs. Any Class Member who timely requests exclusion shall not: (i) be bound by any Final Approval Order or the Judgment; (ii) be entitled to the Settlement Benefits under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

25.    Any Class Member who wishes to object to the Settlement shall submit a timely written notice of his or her objection by the Objection Deadline, which is within 60 days after the Notice Date.  For an objection to be considered by the Court, the objection must comply with all requirements set forth in Section 6.9 of the Settlement Agreement. All objections must be filed or postmarked on or before the Objection Deadline.

26.    Any Class Member who does not make their objections in the manner and by the date set forth in the last paragraph shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

27.    Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to the applicable appellate rules and not through a collateral attack.

## ADMINISTRATION OF SETTLEMENT

28.     The Class Representatives, Class Counsel, Lemonade, and Lemonade's counsel have created a process for assessing the validity of claims and a payment methodology to Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Section 3 of the Settlement Agreement.

29.     The Court appoints Kroll Settlement Administration, LLC as Settlement Administrator.

30.     The Court directs that the Settlement Administrator effectuate the distribution of Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

31.     Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

32.     If the Final Approval Order and Judgment are entered, all Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

33.     The Settlement Fund shall be used by the Settlement Administrator to pay for: (1) the CMIS benefit; (2) cash Settlement Benefits to those Class Members who submit an Approved Claim; (3) any Service Awards awarded to the Class Representatives; (4) any attorneys' fees and

10

Docusign Envelope ID: 98B6BAE7-698B-4BCF-84AA-7FC8A5EAEE30

costs and expenses awarded to Class Counsel; (5) all Notice and Administrative Expenses; (6) applicable taxes; and (7) any escrow fees, pursuant to the terms and conditions of the Settlement Agreement.

## FINAL APPROVAL HEARING

34. A Final Approval Hearing shall be held [**no earlier than 120 days after entry of this Order**] on _____, 2026 at Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007-1312, Courtroom 12B, to be noticed on the Settlement Website.

35. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

36. At or following the Final Approval Hearing, the Court will determine whether to grant the motion for final settlement approval and enter the Final Approval Order and Judgment, and whether to grant the motion for a Fee Award and Costs and Service Awards. Such proposed Final Approval Order shall, among other things: (a) Determine that the Settlement is fair, adequate, and reasonable; (b) Finally certify the Settlement Class for settlement purposes only; (c) Determine that the Notice Plan satisfies Due Process requirements; (d) Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order, bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order, and retain jurisdiction over the enforcement of the Court's injunctions; (e) Release Lemonade and the Released Parties from the Released Claims; and (f) Reserve the Court's continuing and exclusive jurisdiction over the Parties to the Settlement

11

Agreement, including Lemonade, Plaintiffs, all Class Members, and all objectors, to administer, supervise, construe, and enforce the Agreement in accordance with its terms.

37. Class Counsel shall file a motion for attorneys' fees, litigation costs and expenses, and Class Representatives' requests for Service Awards no later than 14 days prior to the Objection Deadline.

38. Class Counsel shall file a motion for final approval of the Settlement no later than 14 days after the Objection Deadline.

## TERMINATION

39. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court or is terminated in accordance with Section 10 of the Settlement Agreement.

40. In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

41. In the event the Settlement Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Lemonade. However, Lemonade shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Administrative Expenses paid by or on behalf of Lemonade. After payment of any Administrative

12

Expenses that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall promptly return the balance of the Settlement Fund to Lemonade following termination.

42.     In the event of a termination, the Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Lemonade's, and Lemonade's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

43.     In the event the Settlement is terminated in accordance with the provisions of the Agreement, any discussions, offers, or negotiations associated with the Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if the Agreement had not been negotiated, made, or filed with the Court.

44.     This order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Lemonade of any fault, wrongdoing, breach, liability, or the certifiability of any class.

## SUMMARY OF DEADLINES

45.     The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| | |
|---|---|
| Lemonade shall prepare and provide the Settlement Class List to the Settlement Administrator | 14 days after the Court enters the Preliminary Approval Order |

13

| Deadline to commence dissemination of the Notice to the Settlement Class (i.e., the Notice Date) | No later than 35 days after the Court enters the Preliminary Approval Order |
|---|---|
| Deadline to File Motion for Fee Award and Costs, and Service Awards | At least 14 days prior to the Objection Deadline |
| Deadline to File Requests for Exclusion and Objections to Settlement | 60 days after the Notice Date |
| Deadline to file Motion for Final Approval of Settlement | Within 14 days after the Objection Deadline |
| Deadline to File Claim Form | 90 days after the Notice Date |
| Final Approval Hearing date | _____, 2026 [no earlier than 120 days after entry of the Preliminary Approval Order] |

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Date: _____, 2026

                                       _____
HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE

# EXHIBIT F

*In re Lemonade, Inc. Data Disclosure Litigation*
c/o Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

| NOTICE OF CLASS ACTION SETTLEMENT |
| :---: |
| **You have been identified as someone eligible for benefits from a class action settlement regarding the Lemonade Insurance Agency data exposure.** |
| www.[website].com |

<<Refnum Barcode>>

**Class Member ID**: <<Refnum>>

**CMIS Code**: <<Refnum>>

**Postal Service: Please do not mark or cover**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>
<<Country>>

A Settlement has been reached with Lemonade, Inc. and Lemonade Insurance Agency, LLC (the "Defendants") in a class action lawsuit called *In re Lemonade, Inc. Data Disclosure* Litigation, Case No. 1:25-cv-04106 currently pending in the United States District Court for the Southern District of New York. The lawsuit is about the alleged data exposure of driver's license numbers ("personal information") involving Lemonade's online insurance quote platform, which occurred between April 2023 and September 18, 2024 (i.e., the Data Exposure). The Action asserts claims against the Defendants for negligence, violation of the Driver's Privacy Protection Act, and violation of the New York General Business Law Section 349. Defendants specifically deny any and all wrongdoing.

**Am I included?** The Defendant's records indicate you are included in the Settlement Class. The Settlement Class consists of all living, natural persons residing in the United States whose Personal Information was potentially exposed in the Data Exposure, including all persons who were sent notice of the Data Exposure. The Settlement consists of approximately 190,000 individuals.

**What does the Settlement provide?** If approved by the Court, Defendants will pay $10,500,000 into a Settlement Fund to resolve the Settlement. Settlement Class Members may elect to receive a Documented Loss Payment of up to $10,000 for losses related to the Data Exposure, **and** a *pro rata* Cash Fund Payment. You will also receive 3 years of Credit Monitoring and Insurance Services ("CMIS") as an automatic benefit under the Settlement provided you do not opt out. **Your unique CMIS code is listed on the front of the postcard with your Class Member ID. Please retain the code as it is required to activate your CMIS benefit after Final Approval**. Please monitor the Settlement Website (www.[website].com) for further updates and, once the Court grants final approval of the Settlement, instructions on how to activate your CMIS code.

**How do I get a Settlement Payment?** You must file a Claim Form online at www.[website].com, or print one from the Settlement Website and mail it to the address on the form to get a Settlement Payment. Claim Forms must be submitted or postmarked by **Month XX, 202X**.

**What are my other options?** If you do nothing, you will not receive a Settlement Payment. You will remain a member of the Settlement Class and will still be able to activate your CMIS code. You will give up your rights to sue the Defendants for the claims resolved by this Settlement. If you do not want any Settlement Benefits, but you want to keep your right to sue the Defendants for the claims resolved by this Settlement you must submit a Request for Exclusion (called "opting out"). If you do not submit a Request for Exclusion, you may object to the Settlement (on your own or through counsel) and ask the Court for permission to speak at the Final Approval Hearing. The Request for Exclusion and Objection deadline is **Month XX, 202X**.

**The Court's Final Approval Hearing**. The Court will hold a hearing on **Month XX, 202X** to decide whether to approve the Settlement, Attorneys' fees, Costs, and Expenses, and a $2,000 Service Award payment to each Class Representative. If approved, these amounts will be paid from the Settlement Fund before calculating and distributing Settlement Benefits to Settlement Class

Members who submit Valid Claims. You or your lawyer may attend the hearing at your own expense. Settlement Class Members wishing to attend or speak at the Final Approval Hearing may enter an appearance through an attorney.

**Want more information?** Visit www.[website].com for complete details about the Settlement and instructions on how to act on your rights and options. You may also call (xxx) xxx-xxxx for more information.



*In re Lemonade, Inc. Data Disclosure Litigation*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

<<Barcode>>
Class Member ID: <<Refnum>>

**POSTCARD CLAIM FORM**

Claim Forms must be postmarked no later than <mark>Month XX, 2026</mark>.

You MUST submit a Claim Form online or use the full Claim Form available on the Settlement Website to receive your payment(s) electronically and/or make a claim for a **Documented Loss Payment**.

Class Member ID: <<refnum>>
<<firstname>> <<mi>> <<lastname>>
<<address1>> <<address2>> <<City>>,
<<State>> <<Zip>>

| If different from the preprinted data on the left, please print your correct address information. |
| --- |
| _____ |
| Address |
| _____ |
| City                          State            Zip Code |

Check the box next to the benefit you are claiming:

You may claim a Cash Fund Payment using this Postcard Claim Form.

**Cash Fund Payment:** I want to receive a *pro rata* (proportional) cash payment. *

*Final amount to be determined after all Valid Claims are submitted.

By signing below, I swear and affirm under the laws of the United States that the information I have supplied in this Claim Form is true and correct to the best of my recollection.

Signature: _____    Date (MM/DD/YYYY): ___ ___ / ___ ___ / ___ ___ ___ ___

**In re Lemonade, Inc. Data Disclosure Litigation**

**Press Release**

---

# Were you notified that your Personal Information may have been compromised in a data exposure involving Lemonade Insurance Agency's insurance quotation platform? You may be eligible for benefits from a Class Action Settlement.

New York, NY, Month __, 2026/PRNewswire/ -- The following statement is being issued by Kroll Settlement Administration regarding *In re Lemonade, Inc. Data Disclosure Litigation*, Case No. 1:25-cv-04106 currently pending in the United States District Court for the Southern District of New York. The lawsuit is about the alleged data exposure of driver's license numbers ("Personal Information") involving Lemonade's online insurance quote platform, which occurred between April 2023 and September 18, 2024 (i.e., the Data Exposure). The Action asserts claims against the Defendants for negligence, violation of the Driver's Privacy Protection Act, and violation of the New York General Business Law Section 349. Defendants specifically deny any and all wrongdoing.

**Am I included**? The Settlement Class consists of all living, natural persons residing in the United States whose Personal Information was potentially exposed in the Data Exposure, including all persons who were sent notice of the Data Exposure. The Settlement Class consists of approximately 190,000 individuals.

**What does the Settlement provide**? If approved by the Court, Defendants will pay $10,500,000 into a Settlement Fund to resolve the Settlement. Settlement Class Members may elect to receive a Documented Loss Payment of up to $10,000 for losses related to the Data Exposure, **and** a *pro rata* Cash Fund Payment. Settlement Class Members will also automatically receive 3 years of Credit Monitoring and Insurance Services ("CMIS").

**How do I get a Settlement Payment**? You must file a Claim Form online at www.[website].com, or print one from the Settlement Website and mail it to the address on the form to get a Settlement Payment. Claim Forms must be submitted or postmarked by **Month XX, 202X**.

**What are my other options**? If you do nothing, you will not receive a Settlement Payment. You will remain a member of the Settlement Class and will still be able to activate the CMIS code you received. You will give up your rights to sue the Defendants for the claims resolved by this Settlement. If you do not want any Settlement Benefits, but you want to keep your right to sue the Defendants for the claims resolved by this Settlement you must submit a Request for Exclusion. If you do not submit a Request for Exclusion, you may object to the Settlement (on your own or through counsel) and ask the Court for permission to speak at the Final Approval Hearing. The Request for Exclusion and Objection deadline is **Month XX, 202X**.

**The Court's Final Approval Hearing**. The Court will hold a hearing on **Month XX, 202X** to decide whether to approve the Settlement, Attorneys' fees, Costs, and Expenses, and a $2,000 Service Award payment to each Class Representative. If approved, these amounts will be paid from the Settlement Fund before calculating and distributing Settlement Benefits to Settlement Class Members who submit Valid Claims. You or your lawyer may attend the hearing at your own

2

expense. Settlement Class Members wishing to attend or speak at the Final Approval Hearing may enter an appearance through an attorney.

**Want more information**? Visit www.[website].com for complete details about the Settlement and instructions on how to act on your rights and options. You may also call (xxx) xxx-xxxx for more information.

### 

Source: Kroll Settlement Administration *(Required for press release to be issued.)*
Media Contact (press only): Natasha Yates, 212-450-2832 *(Required for press release to be issued. Not available to the general public, only to registered reporters).*

*Kroll will act as the media contact for the press release unless the client provides an alternative contact. Media contact is only available to reporters and media outlets registered with PR Newswire.*